UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMARCUS STEWARD,

    Plaintiff,

  v.                                                                                     Case No. 24-CV-970-SCD

EXPERIS US LLC,

    Defendant.

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Proceeding without the assistance of counsel, on August 1, 2024, Demarcus Steward filed an employment discrimination complaint against Experis US LLC, a Wisconsin healthcare IT staffing company. *See* ECF No. 1. The complaint contains the following allegations. *See id.* at 5–11; *see also* ECF No. 1-1. Steward worked briefly for Experis in July 2022. After that temporary assignment ended, Steward inquired about other positions within the company. The recruiter directed Steward to fill out some online forms, but Steward ran into technical difficulties with the online platform. When Steward asked for help resolving the issue, the recruiter ghosted him. Steward then asked management why the recruiter had stopped responding. Management told him that they looked into the matter and that internal documents revealed complaints about Steward from their clients (the temp client and a client for a company that Experis merged with). Management advised that, given that history, Steward would not be considered for any future roles with the company. According to Steward, the complaints were completely made up.

Steward asserts that Experis refused to hire him because he's an African American male. ECF No. 1 at 3, 11–13. He alleges that each person he communicated with about potential employment at the company was white and that most were women. *Id.* at 9–11. Steward seeks monetary damages to compensate him for the alleged racial and sexual discrimination. *See id.* at 15–18.

The Seventh Circuit has explained that the pleading requirement for employment discrimination claims is low: "To survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to [his] protected characteristics." *Kaminski v. Elite Staffing*, 23 F.4th 774, 777 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)). Steward's complaint does not meet this standard. He alleges that Experis refused to hire him and that each person he dealt with was a white and most were women. Those facts, however, are not enough to raise a plausible inference that the company treated him differently *because* he is African American and/or a man. Steward does not allege any other facts connecting Experis' employment decision to his race or sex.

Because Steward has failed to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), the court **DISMISSES** the complaint, ECF No. 1. Steward may have until **September 30, 2024**, to file an amended complaint. If Steward files an amended complaint, it will replace the prior complaint and must be complete without reference to the original complaint. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021). If Steward fails to file an amended complaint by September 30, this action may be dismissed for failure to prosecute. I will wait until then to address Steward's request to proceed without paying the filing fee.

**SO ORDERED** this 20th day of September, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge