UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMARCUS STEWARD,

    Plaintiff,

  v.                                                    Case No. 24-CV-970-SCD

EXPERIS US LLC,

    Defendant.

**ORDERING DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

      Proceeding without the assistance of counsel, on August 1, 2024, Demarcus Steward filed an employment discrimination complaint against Experis US LLC, a Wisconsin healthcare IT staffing company. *See* ECF No. 1. Because Steward asked to proceed without paying the filing fee, ECF No. 2, I screened the complaint under 28 U.S.C. § 1915 and dismissed it because Steward failed to allege any facts connecting Experis' employment decision to his race or sex, ECF No. 5. I gave Steward leave to file an amended complaint, which the court received on October 10, 2024. *See* ECF No. 6.

      The amended complaint does not cure the deficiencies in the original complaint. As explained previously, the pleading standard for employment discrimination claims is low: "To survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to [his] protected characteristics." *Kaminski v. Elite Staffing*, 23 F.4th 774, 777 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)). The amended complaint does not meet this standard. Steward asserts that Experis falsified employment records and refused to hire him

because he's an African American male. *See* ECF No. 6 at 3, 9–11. However, the amended complaint contains too few factual allegations about his race and sex. Steward again alleges that each person he dealt with at the company was white and most were women. *See id.* at 8–9. That fact, however, does not plausibly suggest that the company treated Steward differently because of his race or sex. Steward also alleges that Experis'

> unjustifiable racially motivated discriminatory actions and display of blatant female chauvinism directed toward and projected upon the Plaintiff in the form of falsifying work history, falsifying work experiences, internal manipulation within communications, gross negligence, and hierarchical insubordination derives from racial (ethnic) and gender biases, biases that have manifested themselves into multiple forms of discrimination.

*Id.* at 9–10. Those labels and legal conclusions will not do. Steward does not allege any *facts* to support his allegation that the company was biased against African Americans or men. Thus, he has again failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the court **DISMISSES** the amended complaint, ECF No. 6. Steward may have until **November 18, 2024**, to file a second amended complaint. To survive screening, the second amended complaint must contain facts that allow for a plausible inference—not just a mere possibility—that Experis' refusal to hire him was connected to his protected characteristics. The court reminds Steward that, if he files a second amended complaint, it will replace the prior complaint and must be complete without reference to the original complaint. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021). If Steward fails to file a second amended complaint by November 8, this action may be dismissed for failure to prosecute. I will wait until then to address Steward's request to proceed without paying the filing fee.

**SO ORDERED** this 23rd day of October, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge

3

Case 2:24-cv-00970-SCD     Filed 10/23/24     Page 3 of 3     Document 7