UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEMARCUS STEWARD,

   Plaintiff,

v.                                           Case No. 24-CV-970-SCD

EXPERIS US LLC,

   Defendant.

---

### REPORT AND RECOMMENDATION

---

Proceeding without the assistance of counsel, on August 1, 2024, Demarcus Steward filed an employment discrimination complaint against Experis US LLC, a Wisconsin healthcare IT staffing company. *See* ECF No. 1. Because Steward asked to proceed without paying the filing fee, ECF No. 2, I screened the complaint under 28 U.S.C. § 1915 and dismissed it because Steward failed to allege any facts connecting Experis' employment decision to his race or sex, ECF No. 5. I dismissed Steward's amended complaint, ECF No. 6, for the same reason. *See* ECF No. 7.

Steward recently filed a second amended complaint that contains the following allegations. *See* ECF No. 8. Steward worked briefly for Experis as a healthcare IT consultant in July 2022. *Id.* at 3. After that temporary assignment ended, Steward inquired about other positions within the company. *Id.* at 3–5. The recruiter directed Steward to fill out some online forms, but Steward ran into technical difficulties with the online platform. When Steward asked for help resolving the issue, the recruiter ignored him. Steward then asked management why the recruiter had stopped responding. *Id.* at 5–7. Management told him that they looked

into the matter and that internal documents revealed complaints about Steward from the company's clients (the temp client and a client for a company that Experis merged with). Management advised that, given that history, Steward would not be considered for any future roles with the company. According to Steward, the complaints were completely made up.

Steward asserts that Experis falsified employment records and refused to hire him because he's an African American male. *See* ECF No. 8 at 10–13. He alleges that each person he communicated with about potential employment at the company is white and that most are women. *Id.* at 9–11. He further alleges that Experis'

> unjustifiable, cultural and ethnically motivated discriminatory actions displaying blatant female chauvinism, gender, and ethnic biases directed toward and projected upon the Plaintiff displayed in the form of falsifying legacy work history, the falsification of then current or recent work experiences, a display of internal manipulations within Defendant's communication channels, the display of gross negligence, and the display [of] reinforced hierarchical insubordination derives from racial (ethnic) and gender biases, biases that were manifested by the Defendant which arose through the actions of the Defendant, resulting in the Plaintiff suffering from multiple forms of discrimination.

*Id.* at 10. Steward seeks monetary damages to compensate him for the alleged racial and sexual discrimination. *See id.* at 15–17.

The Seventh Circuit has explained that the pleading requirement for employment discrimination claims is low: "To survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to [his] protected characteristics." *Kaminski v. Elite Staffing*, 23 F.4th 774, 777 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)). Like the first two complaints, however, the second amended complaint does not meet this standard. Steward alleges that Experis falsified employment records and refused to hire him because of his race and sex. However, he does not include any factual allegations directly or indirectly connecting

2

those employment actions with his protected characteristics. The fact that each person he dealt with is white and most are women is not enough to raise a plausible inference that the company treated him differently *because* he is African American and/or a man. Labeling the company's actions as "discriminatory" and accusing the company of displaying "female chauvinism" and "racial and gender biases" also is insufficient, without providing any supporting facts.

Steward has been afforded three chances to plead a plausible employment discrimination claim, and each time he has missed. In fact, despite the court's repeated explanation of the pleading requirement, the three complaints are nearly identical. There's no reason to believe Steward will connect on his fourth try.

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Thus, the clerk of court shall randomly assign this matter to a district judge to consider the following recommendations: (1) that this case be dismissed for failure to state a claim on which relief may be granted (2) that Steward's request to proceed in district court without prepaying the filing fee, ECF No. 2, be denied as moot; and (3) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a

waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 12th day of December, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge