# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| D.J.S. a/k/a DEMARCUS STEWARD,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIS US LLC,<br><br>    Defendant. | Case No. 24-CV-970-JPS<br><br>**ORDER** |

      On August 1, 2024, Plaintiff D.J.S. a/k/a Demarcus Steward ("Plaintiff"), proceeding pro se, filed a complaint alleging employment discrimination by Experis US LLC ("Defendant"), a Wisconsin healthcare IT staffing company. ECF No. 1. Plaintiff also filed a motion for leave to proceed without paying the filing fee, or in forma pauperis. ECF No. 2. The case was randomly assigned to Magistrate Judge Stephen C. Dries, who dismissed the complaint for failure to state a claim and granted Plaintiff leave to amend to cure the deficiencies identified in his complaint. ECF No. 5. Plaintiff filed an amended complaint, ECF No. 6, and Magistrate Judge Dries dismissed the amended complaint for the same reason, again granting Plaintiff leave to amend, ECF No. 7. Plaintiff filed a second amended complaint. ECF No. 8. Magistrate Judge Dries then screened Plaintiff's second amended complaint and recommended, in a Report and Recommendation (the "R&R"), that (1) the case be dismissed with prejudice for failure to state a claim on which relief can be granted; (2) Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be denied as moot; and (3) judgment be entered accordingly. ECF No. 9. For the reasons set forth

herein, the Court will adopt the R&R, dismiss this action with prejudice, and deny Plaintiff's motion to proceed in forma pauperis as moot.

In the R&R, Magistrate Judge Dries advised Plaintiff that "objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation," and that "[f]ailure to file a timely objection with the district judge shall result in a waiver to your right of appeal." *Id.* at 3–4. (citing 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and Gen. L.R. 72(c)). In the more than two months since the R&R was issued, Plaintiff has not filed any objections[1] to the R&R, nor has he filed anything else to move the case forward. Accordingly, the Court reviews the R&R for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("Under Rule 72(b), the district court judge must make a de novo determination only of those portions of the magistrate judge's disposition to which specific written objection is made. If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." (citing *Goffman v. Goss*, 59 F.3d 668, 671 (7th Cir. 1995) and *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974))); *see also Hollerway v. Spiegel*, No. 23-1137, 2024 WL 278910, at *2 (7th

---

[1] The R&R was mailed to Plaintiff at the address he submitted to the Clerk of Court with his complaint. Dec. 12, 2024 docket annotation. On January 14, 2025, the R&R and the order from October 23, 2024 were returned as undeliverable. ECF Nos. 10, 11. The Clerk of Court noted that Plaintiff's P.O. box was closed without a forwarding address. Jan. 14, 2025 docket entries. This does not excuse Plaintiff's obligations to object to anything in the R&R with which he disagreed, however, because it is the responsibility of a party to keep the Court advised of his correct address. *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) ("As a general principle . . . 'parties are far better situated [than courts are] to know of any errors in their address information' [and accordingly] litigants . . . 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999))).

Cir. Jan. 25, 2024) (the Seventh Circuit deemed waived any challenge to the Report and Recommendation because the party did not properly object to its findings). "Clear error is an extremely deferential standard of review[] and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

The Court finds no clear error in the R&R, which reasoned that Plaintiff's second amended complaint failed to meet the pleading requirement for employment discrimination claims. ECF No. 9 at 2. "To survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to [his] protected characteristics." *Id.* (quoting *Kaminski v. Elite Staffing*, 23 F.4th 774, 777 (7th Cir. 2022)). Plaintiff's complaint did not allege facts that "directly or indirectly" connect Defendant's employment actions to his protected characteristics. *Id.* at 2–3. Magistrate Judge Dries found that the fact that "each person [Plaintiff] dealt with [was] white and most [were] women" was insufficient to allow for a "plausible inference" that the company treated him differently "*because* he is African American and/or a man." *Id.* at 3. Merely "[l]abeling" Defendant's actions as "discriminatory" or as "displaying female chauvinism and racial and gender bias" without providing any supporting facts was also insufficient to state a claim, Magistrate Judge Dries concluded. *Id.* (internal quotation marks omitted). Because Plaintiff—even after receiving two opportunities to amend his complaint—alleged no facts to support a plausible inference of connection between Defendant's employment actions against Plaintiff and his membership in a protected

class, the Court finds no clear error in the recommendation to dismiss this case for failure to state a claim. *See Kaminski*, 23 F.4th at 778 (affirming dismissal for failure to state a claim because pro se litigant's complaint lacked allegations that her treatment was *because of* her membership in a protected class). The Court will therefore adopt the R&R and dismiss Plaintiff's claim and this case with prejudice.

Further, because the Court is dismissing Plaintiff's claim, it will also adopt the recommendation to deny as moot his motion to proceed in forma pauperis.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's report and recommendation, ECF No. 9, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff D.J.S. a/k/a Demarcus Steward's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge